NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1439

COMMONWEALTH

vs.

MAKAYLA LOWE.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

This appeal brought by the Commonwealth presents the question whether an indictment alleging a violation of G. L. c. 265, § 17, by assault and robbery "being armed with a dangerous weapon, to wit: firearm," adequately provided notice to the defendant that she was charged with armed robbery with a firearm and, as a result, was subject to a five year minimum mandatory sentence.[1]  Concluding that it did, we vacate the sentence and remand for resentencing.

---

[1] The Commonwealth appeals from the denial of its motion to correct an illegal sentence under Mass. R. Crim. P. 29(a)(1), as appearing in 489 Mass. 1503 (2022).

The defendant pled guilty to the indictment described above.[2] At the change of plea hearing, the prosecutor recited the facts the Commonwealth would have proved at trial as follows. The defendant facilitated the armed robbery of her ex-boyfriend's apartment. She unlocked the apartment doors, allowing two masked men -- one armed with a firearm -- to enter. Meanwhile, the defendant took a large trash bag of marijuana from the victim's bedroom. The victim awoke and gave chase, encountered the two masked men, and was shot in the hip. In response to a question posed by the judge, the defendant admitted that she "intend[ed] that the codefendants were going to come into that house, at least one of them would have a firearm, and they were going to steal [the victim's] marijuana."

The indictment is captioned, "Robbery, Armed, C. 265, § 17." In pertinent part, that statute reads,

> "Whoever, being armed with a dangerous weapon, assaults another and robs, steals or takes from his person money or other property which shall be the subject of larceny shall be punished by imprisonment in the state prison for life or for any term of years. . . . Whoever commits any offense described herein while armed with a firearm, shotgun, rifle, machine gun or assault weapon shall be punished by imprisonment in the state prison for not less than five years."

---

[2] The defendant pled guilty to additional charges stemming from the same incident but none of those charges are at issue here.

2

"Due process under art. 12 requires that an indictment provide a defendant with fair notice of the crime with which [she] is charged." Commonwealth v. Canty, 466 Mass. 535, 547 (2013). "Under Mass. R. Crim. P. 4 (a), 378 Mass. 849 (1979), an indictment need only 'contain a caption as provided by law, together with a plain, concise description of the act which constitutes the crime or an appropriate legal term descriptive thereof.'" Id. See Commonwealth v. Doughty, 491 Mass. 788, 806 (2023) (we consider "the caption together with the other words of the indictment"); Commonwealth v. Fernandes, 430 Mass. 517, 519 (1999) (examining indictments).

We are not faced here with an indictment that is missing a required element, compare Commonwealth v. Mayotte, 475 Mass. 254, 264 (2016) and Canty, 466 Mass. at 548, nor an indictment that alleged something not proven. See Commonwealth v. Garrett, 473 Mass. 257, 266 (2015) (BB gun not "firearm" as used in indictment). Rather, the plea judge questioned whether the language of the indictment was adequate to put the defendant on notice of the allegation subjecting her to an enhanced penalty. Because the judge determined that the language was not adequate, he did not impose a five year minimum mandatory sentence. The Commonwealth filed a motion to revise and revoke the sentence pursuant to Mass. R. Crim. P. 29(a)(1), which was denied.

3

The language was adequate.  The indictment referred to the statute at issue, G. L. c. 265, § 17, set forth the offense (assault and robbery with a dangerous weapon), and identified the dangerous weapon (a firearm) that the Commonwealth alleged was used.  Use of a firearm implicated the statutory minimum sentence.  The proof was consistent with those allegations.[3] This was enough.  See Commonwealth v. Wentworth, 482 Mass. 664, 668 (2019) (indictment not defective where charged defendant with unlawful possession of firearm under statute and, tracking language of statute, alleged that he "had previously been convicted of three violent crimes or three serious drug offenses, or any combination totaling three or more, making [him] subject to the penalty provisions" of G. L. c. 269, § 10G [c]); Fernandes, 430 Mass. at 521-522 (indictment imposing sentencing enhancement for prior convictions met minimum constitutional requirements where it made defendants aware of the nature and character of the prior convictions on which the enhanced sentence was based).  "If the defendant was uncertain that this was the category of crime charged, [she] could have moved before pleading guilty for a bill of particulars under Mass. R. Crim. P. 13 (b) (1), as appearing in 442 Mass. 1516

_____

[3] Although not necessary to our analysis, we note that defense counsel evinced an understanding that the crime carried a five-year mandatory minimum sentence.

4

(2004), or moved to dismiss the indictment under G. L. c. 277, § 47A." Canty, 466 Mass. at 548. The defendant here "did neither. Instead, [she] pleaded guilty to the indictment." Id.

Although perhaps archaic, the phrase "to wit: firearm" is not incomprehensible, nor does it render the indictment inadequate. See, e.g., Commonwealth v. Bowden, 14 Gray 103, 104-105 (1859) (allegation that defendant committed burglary "in a certain building, to wit, the shop" of named victims adequate where proof showed burglary in named victims' shop within larger building).

Our decision in Prado, 94 Mass. App. Ct. at 261-262, and the Supreme Judicial Court's decision in Garrett, 473 Mass. at 264, do not dictate a different outcome. In those cases, the Commonwealth did not prove all of the allegations contained in the relevant indictments. That is not the case here where the indictment alleged that the defendant committed assault and robbery armed with a dangerous weapon and specifically alleged that the dangerous weapon used was a "firearm." The Commonwealth proved each of these allegations when the defendant agreed with the prosecutor's summary of the evidence, including that a firearm was used during a robbery and assault. The statute provides that whoever commits robbery or assault armed with a firearm "shall be punished by imprisonment in the state

5

prison for not less than five years."  G. L. c. 265, § 17.  The sentence enhancement applied.

Order denying motion to
    revise and revoke sentence
    reversed.  The sentence on
    the violation of G. L.
    c. 265, § 17, is vacated
    and the case is remanded
    for resentencing.

By the Court (Vuono, Singh &
    Hershfang, JJ.[4]),

Clerk

Entered:   January 3, 2025.

---

[4] The panelists are listed in order of seniority.

6